UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL GULLINESE,

    Petitioner,

v.

WARDEN STEVIE KNIGHT,

    Petitioner.

Civ. No. 22-7592 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

I.     INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, Petitioner's habeas petition is summarily dismissed.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner pleaded guilty in the United States District Court for the Northern District of New York to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2256(8)(A) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A). (*See* N.D.N.Y. Crim. No. 09-635 ECF 29). He received a sentence of sixty months imprisonment along with a supervised release term of life. (*See id.*). Petitioner did not appeal this judgment of conviction nor did he file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

On March 15, 2017, the Northern District of New York issued an arrest warrant against Petitioner for violating the terms of his supervised release. (*See* N.D.N.Y. Crim. No. 09-635 ECF 32). Petitioner admitted he violated the terms of his supervised release and was sentenced to

sixty months imprisonment in May, 2018. (*See id.* ECF 43). Petitioner did not file an appeal of this judgment of conviction nor did he seek collateral relief by filing a motion to vacate, set aside or correct this sixty-month sentence pursuant to 28 U.S.C. § 2255.[1]

In December, 2022, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241 in this Court. Petitioner challenges the five-year sentence he received in the Northern District of New York for violating the terms of his supervised release. More specifically, he claims that the five-year sentence exceeded the three-year statutory maximum. Additionally, Plaintiff argues counsel was ineffective in failing to object to the five-year sentence which exceeded the three-year statutory maximum.

### III.   LEGAL STANDARD FOR *SUA SPONTE* SCREENING

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### IV.   DISCUSSION

Petitioner challenges his sixty-month sentence for violating the terms of his supervised release pursuant to 28 U.S.C. § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535

---

[1] In a separate criminal proceeding not relevant to this habeas action, Petitioner pled guilty to several other child pornography charges in the Northern District of New York. (*See* N.D.N.Y. Crim. No. 17-179). He received a sentence of 180 months imprisonment in that criminal action. (*See id.* ECF 19).

F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in

3

substantive law may negate." 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See Dorsainvil*, 119 F.3d at 251.

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over this habeas petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Petitioner's claims do not fall within the *Dorsainvil* exception to permit this § 2241 habeas petition. Petitioner's first claim relates to the purported statutory illegality of his sixty-month sentence. His second claim is that counsel should have objected to this sentence. Neither claim though challenges his sentence *as a result of a retroactive change* in substantive criminal law that negates the sixty-month sentence for which he had no other opportunity to review. Thus, this Court lacks jurisdiction over Petitioner's § 2241 habeas petition.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As noted above, Plaintiff never filed a § 2255 motion in the Northern District of New York related to challenging the sixty-month sentence he received for violating his supervised release. Nevertheless, this Court finds it is not in the interest of justice to transfer this action to the United States District Court for Northern District of New York. However, nothing in this opinion prevents Petitioner from filing

a § 2255 motion in the Northern District of New York where he was sentenced challenging his sixty-month sentence for violating the terms of his supervised release.

## V.     CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.

DATED: January 4, 2023

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge